UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN ALFRED POWERS,

      Plaintiff,

v.                               CASE NO. 3:17-cv-1063-J-34MCR

CITY OF LAKE CITY, a political subdivision
of the State of Florida, ARGATHA GILMORE,
individually and in her official capacity, and
CHAUNCEY MAYS, individually and in his
official capacity,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

    **THIS CAUSE** is before the Court on Defendants' Motion to Dismiss

Plaintiff's Amended Complaint ("Motion") (Doc. 10) and Plaintiff's Response in

Opposition thereto ("Response") (Doc. 14).  For the reasons stated herein, the

undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** to the

extent the Amended Complaint be **DISMISSED with prejudice** as to Counts

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

One, Two, Four, Five, and Six, and **without prejudice** as to Counts Three and Seven.

I.      **Introduction**

On August 11, 2017, Plaintiff, John Alfred Powers ("Plaintiff" or "Mr. Powers"), initiated this action by filing a Complaint against the Lake City Police Department ("LCPD"), Argatha Gilmore ("Gilmore"), individually and in her official capacity as the Chief of Police of LCPD, and Chauncey Mays ("Mays"), individually and in his official capacity as an officer of the LCPD, in the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida.  (Doc. 2.) On September 13, 2017, Defendants removed this action to this Court.  (Doc. 1.) On September 21, 2017, Defendants moved to dismiss the Complaint.  (Doc. 4.) On October 11, 2017, Plaintiff filed an Amended Complaint (Doc. 7), as a result of which Defendants' first motion to dismiss was denied as moot.  (Doc. 9.)

On October 24, 2017, Defendants filed the present Motion, seeking dismissal of the Amended Complaint pursuant to Rules 8, 10(b), and 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 10.)  Plaintiff responded to the Motion on November 12, 2017.  (Doc. 14.)  On April 30, 2018, the Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution.  (Doc. 15.)

II.     **Plaintiff's Allegations**

In the seven-count Amended Complaint, Plaintiff sues the City of Lake City

("LC"), Gilmore, and Mays, pursuant to 42 U.S.C. § 1983, to remedy the alleged deprivation of his rights, under color of state law, and in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and for damages as a result of alleged violations of Florida common law.  (Doc. 7 at 1.)

Plaintiff alleges that on August 12, 2015, Mays initiated a traffic stop on a vehicle owned and operated by Plaintiff for stopping beyond the white stop line painted on the pavement.  (*Id*. at ¶¶ 10-11.)  Plaintiff was subsequently arrested and charged with possession of a firearm by a convicted felon.  (*Id*. at ¶ 12.) Plaintiff alleges that his firearms were illegally seized and have not been returned to him.  (*Id*. at ¶ 13.)  Plaintiff also alleges that, at all material times, he was not a convicted felon, and had Mays conducted a complete investigation of Plaintiff's record, he would have found that and the lack of probable cause for the arrest would have been evident.  (*Id*. at ¶¶ 14, 16.*)*

Plaintiff further alleges that, at the time of his arrest, LC did not have a proper protocol in place for the prevention of misidentification of conviction status and LC failed to authenticate information as it related to the conviction status of Plaintiff.  (*Id*. at ¶ 17.)  Plaintiff was held in the Columbia County Jail from August 13, 2015 to August 14, 2015, when the State Attorney entered a *nolle prosequi*, dismissing all charges against Plaintiff.  (*Id*. at ¶ 19.)  Following Plaintiff's release, neither an investigative action nor a disciplinary action was initiated against Mays.

(*Id*. at ¶ 21.)

In Count One, titled 42 U.S.C. Section 1983 – Deprivation of Civil Rights –

Fourth Amendment False Arrest, as to Mays, Plaintiff alleges, in relevant part:

> 24.    MAYS conducted a wrongful stop, did not obtain easily
> discoverable facts relating to the criminal history of [Plaintiff], and
> ignored relevant information presented on the NCIC print out.
> 25.    The actions or failures to act of MAYS were done with
> knowledge that said actions would deprive [Plaintiff] of his
> constitutional rights to be free from unreasonable seizure, as
> secured by the Fourth Amendment to the Constitution and as applied
> to the States from the Fourteenth Amendment.
> 26.    As a result of the actions and inactions of MAYS, [Plaintiff] was
> wrongly arrested and incarcerated . . . .

(*Id*. at ¶¶ 24-26.)

In Count Two, titled 42 U.S.C. Section 1983 – Deprivation of Civil Rights –

Fourth Amendment False Arrest, as to LC, Plaintiff alleges, in relevant part, that

because his false arrest "was based upon an invalid and void probable cause,"

LC, through LCPD, is liable as an employer for the actions or inactions of its

employee Mays.  (*Id*. at ¶ 30.)

In Count Three, titled 42 U.S.C. Section 1983 – Deprivation of Civil Rights

– Municipal Liability, as to LC and Gilmore, Plaintiff alleges, in relevant part:

> 35.    Following [Plaintiff's] release, LC and GILMORE did not
> impose discipline on Mays, thereby ratifying [his] actions.  Further,
> LC and GILMORE exhibited a conscious and deliberate failure to
> train its employees adequately, such that LC and GILMORE was
> [sic] deliberately indifferent to the need to train law enforcement
> officers, like MAYS, with regard to the confirmation of a suspects
> [sic] criminal history, or lack thereof.

4

36.     [Plaintiff's] arrest and subsequent incarceration was [sic] closely related to the deficiencies set forth above, such that [Plaintiff's] arrest and incarceration would have been avoided had LC and GILMORE employ [sic] adequate procedures to train employees with regard to the identification and confirmation of a suspects [sic] criminal history or lack thereof, and/or to employ reasonable procedures for the confirmation and corroboration of criminal records such that review [sic] by additional entities or persons would have occurred.

(*Id.* at ¶¶ 35-36.)

In Count Four, titled 42 U.S.C. Section 1983 – Deprivation of Civil Rights –

Malicious Prosecution, as to Mays, Plaintiff alleges, in the alternative to Counts

One through Three, as follows:

41.     MAYS acted with gross negligence or great indifference and with the absence of caution and inquiry in conducting the investigation which led to the wrongful determination that [Plaintiff] was a convicted felon in possession of a firearm.
42.     MAYS commenced or continued the criminal prosecution of [Plaintiff] by seeking an arrest without having probable cause and were [sic] the legal cause of said commencement.
43.     The State of Florida, by and through the State Attorney's Office, entered a *nolle prosequi* in the action, resulting in a termination on behalf of [Plaintiff].
44.     [Plaintiff] was wrongly arrested and incarcerated . . . .

(*Id.* at ¶¶ 41-44.)

In Count Five, titled Malicious Prosecution – Florida Common Law, as to

Mays, Plaintiff alleges, in the alternative to Counts One through Three, as follows:

48.     [Plaintiff] complied with all conditions precedent to filing this lawsuit under [Florida Statutes, Section] 768.28, and this court has pendent jurisdiction over the claim because the claim and the federal claim arise out of the same common nucleus of operative fact[s] and

thus are transactionally related. . . .

49.     MAYS acted with gross negligence or great indifference and with the absence of caution and inquiry in conducting the investigation which led to the wrongful determination that [Plaintiff] was a convicted felon in possession of a firearm.

50.     MAYS commenced or continued the criminal prosecution of [Plaintiff] by seeking an arrest without having probable cause and were [sic] the legal cause of said commencement.

51.     The State of Florida, by and through the State Attorney's Office, entered a *nolle prosequi* in the action, resulting in a termination on behalf of [Plaintiff].

(*Id*. at ¶¶ 48-51.)

In Count Six, titled False Arrest – Florida Common Law, as to LC, Plaintiff alleges that LC waived its sovereign immunity under Section 768.28 of the Florida Statutes.  (*Id*. at ¶ 55.) Plaintiff further alleges as follows:

56.     [Plaintiff] complied with all conditions precedent to filing this lawsuit under [Florida Statutes Section] 768.28, and this court has pendent jurisdiction over the claim because the claim and the federal claim arise out of the same common nucleus of operative fact[s] and thus are transactionally related.

57.     MAYS, while acting within the scope of his employment as [an LC] police officer, conducted a wrongful stop, did not obtain easily discoverable facts relating to the criminal history of [Plaintiff], and ignored relevant information presented on the NCIC print out.

58.     The actions or failures of MAYS were done without color of authority and resulted in [Plaintiff's] unlawful restraint.

59.     Since the false arrest was based upon an invalid or void probable cause, the [sic] LC are [sic] liable as employers [sic] for the actions or inactions of MAYS, as set forth above.

(*Id*. at ¶¶ 56-59.)

In Count Seven, Plaintiff brings a replevin claim against all Defendants to recover possession of his firearms and ammunition, which were seized upon his

arrest.  (*Id*. at ¶¶ 63-64.)  Plaintiff alleges that Defendants are wrongfully

detaining his property, despite instruction by the State Attorney's Office to return

it.  (*Id*. at ¶ 67.)  Plaintiff also alleges that his property has not been taken for any

tax, assessment, or fine pursuant to law, or under an execution or attachment.

(*Id*. at ¶¶ 68-69.)

###### III.    Standard

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a

complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Further, to "promote clarity,

each claim founded on a separate transaction or occurrence . . . must be stated

in a separate count."  Fed.R.Civ.P. 10(b).

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a

complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal quotation marks omitted).  A claim is plausible on its face where "the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility

means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

"Where a complaint pleads facts that are merely consistent with a defendant's

liability, it stops short of the line between possibility and plausibility of entitlement

to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*  "[B]are assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 680.

In evaluating the sufficiency of a complaint, a court should make reasonable inferences in plaintiff's favor, but is "not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal citation and quotation marks omitted).  "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.*  (internal citation and quotation omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").  "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Nettles v. City of Leesburg–Police Dep't*, 415 F. App'x 116, 120 (11th Cir. Dec. 22, 2010) (internal citations and quotation marks omitted).

Further, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

The court must limit its consideration to the complaint and its attachments. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) (per curiam); *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993) (stating "the court limits its consideration to the pleadings and exhibits attached thereto"); *see also* Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

### IV.    Discussion

Defendant seeks a dismissal of the Amended Complaint for failure to comply with the pleading requirements of Rules 8(a) and 10(b), and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The undersigned will first address each of Defendant's arguments, which support a dismissal without prejudice, and then explain why a dismissal with prejudice is appropriate as to Counts One, Two, Four, Five, and Six of the Amended

9

Complaint.

Defendant argues that the Amended Complaint fails to comply with the requirements of Rule 10(b) of the Federal Rules of Civil Procedure.  As an example, Defendant points to Count One, which purports to allege a claim for false arrest against Mays, while at the same time it incorporates paragraph seven, which alleges that Gilmore is being sued in her individual and official capacities.  Defendant states that, in effect, Gilmore is being sued in her individual and official capacities for violation of Plaintiff's Fourth Amendment rights.

The Court agrees that by incorporating earlier allegations, specifically paragraphs one through twenty-one of the Amended Complaint, into all of his counts, Plaintiff is lumping Defendants together and, in effect, suing the individual Defendants in both their individual and official capacities.  This is improper and confusing, especially here, because claims raised against some Defendants are duplicative of other claims.

For example, as Defendants point out, any official capacity claims against Gilmore, including those in Count Three, are duplicative of the claims against LC and should be dismissed.  As explained by the Supreme Court:

> Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than

> name, to be treated as a suit against the entity.  It is *not* a suit
> against the official personally, for the real party in interest is the
> entity.

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal citations and

quotation marks omitted); *see also Busby v. City of Orlando*, 931 F.2d 764, 776

(11th Cir. 1991) (per curiam) (affirming the directed verdict in favor of the officers

sued in their official capacity where the City remained as a defendant, because

"[t]o keep both the City and the officers sued in their official capacity as

defendants  . . . would have been redundant and possibly confusing to the jury").

Similarly, any official capacity claims against Mays, including those in

Counts One and Four, are duplicative of the claims against Gilmore and/or LC,

and should be dismissed.  *See Graham*, 473 U.S. at 165-66; *Busby*, 931 F.2d at

776.  In any amended pleading, Plaintiff should be careful not to re-allege any

official capacity claims against Mays and/or Gilmore, which would be duplicative

of the claims raised against LC.

The allegations in paragraphs seven and eight of the Amended Complaint

are also incorporated into Count Seven, alleging replevin against all Defendants.

As such, both Mays and Gilmore are effectively being sued in their individual and

official capacities, but, as stated earlier, the official capacity claims are duplicative

of the claims brought against LC in the same count, and should be dismissed.  If

Plaintiff chooses to amend the claims for replevin, he must plead his claims

against each Defendant separately.

To the extent Count Seven includes claims against Mays and Gilmore in their individual capacities, it is subject to dismissal for failure to state a claim upon which relief can be granted.  The Amended Complaint does not sufficiently allege that these Defendants personally took Plaintiff's firearms and ammunition, and failed to return the same upon request.  (*Compare* Doc. 7 at ¶¶ 63-69 *with id.* at ¶ 13.)

Further, any individual capacity claims against Gilmore in Count Three are also subject to dismissal under Rule 12(b)(6), because there are no allegations that Gilmore was personally involved in Plaintiff's arrest.  *See Ogilvie v. Collier Cnty. Sheriff's Office*, Case No. 2:14-cv-354-SPC-CM, 2014 U.S. Dist. LEXIS 147042, *10-11 (M.D. Fla. Oct. 15, 2014) ("[I]n order to hold a sheriff personally liable for his deputies' constitutional violations, a plaintiff must show the sheriff was 'personally involved in acts or omissions that resulted in the constitutional deprivation.'") (quoting *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995)).

To the extent Count Three is brought against LC and Gilmore in her official capacity, it fails to state a claim upon which relief can be granted, because it does not provide any factual allegations that LC and/or Gilmore knew of a need to train with respect to confirming a suspect's criminal history, and then made a

12

deliberate choice not to train the LCPD officers.  *See Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009) ("A city may only be held liable under 42 U.S.C. § 1983 when the injury caused was a result of municipal policy or custom.  Municipal policy or custom may include a failure to provide adequate training if the deficiency 'evidences a deliberate indifference to the rights of its inhabitants.'  To establish a city's deliberate indifference, 'a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action.'" (internal citations omitted)).  Assuming that Plaintiff seeks to establish deliberate indifference without evidence of prior incidents, he has not alleged that the likelihood for constitutional violations was so high that the need for training was obvious.  *See id.*

As in *Hargis*, "Plaintiff does not allege what kind of training or supervision was in place, what events or incidents occurred that would put Defendants on notice of the need for more or different training or supervision to meet the deliberate indifference requirement, or how the training and supervision at the time caused the alleged deprivation of his rights."  *Hargis v. City of Orlando*, Case No. 6:12-cv-723-Orl-37KRS, 2012 U.S. Dist. LEXIS 173834, *19 (M.D. Fla. Dec. 7, 2012).  "While detailed factual allegations are not required, something more than legal conclusions, which are not entitled to the presumption of truth, must be

alleged to withstand a motion to dismiss." *Id.*

"At best, and read in the light most favorable to Plaintiff, the [Amended] Complaint alleges that [the municipality] chose to ignore unconstitutional conduct by its police officers in *this instance*.  This is insufficient to state a § 1983 claim for failure to train."  *Andrade v. Miami Dade Cnty.*, Case No. 09-23220-CIV, 2010 WL 4069128, *13 (S.D. Fla. Sept. 30, 2010); *see also Perez v. Sch. Bd.*, 917 F. Supp. 2d 1261, 1264 (S.D. Fla. 2013) ("That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably." (internal citations and quotation marks omitted)).  In addition, Plaintiff has not alleged that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."  *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997).  Therefore, Count Three should be dismissed without prejudice.  *See Andrade*, 2010 WL 4069128 at *13.

Count Two also fails to state a claim against LC for false arrest under § 1983, because it essentially seeks to impose liability on LC under a theory of *respondeat superior* for the actions of Mays, an employee of LCPD.  However, "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat*

14

*superior* theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) (emphasis in original).

Count Four for malicious prosecution under § 1983 against Mays also fails to state a claim on which relief can be granted, because Plaintiff fails to allege a violation of his Fourth Amendment right to be free from unreasonable seizure. "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [the plaintiff's] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004).

Under Florida law, the elements to support a claim of malicious prosecution are as follows: (1) an original judicial proceeding against the present Plaintiff was commenced or continued; (2) the present Defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present Plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present Defendant; and (6) Plaintiff suffered damages as a result of the original proceeding. *Id.* Once Plaintiff establishes those elements, he must show that he was seized in relation to the prosecution, in violation of his constitutional rights. *Id.* at 1235. "In the case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted. Thus, [a]

15

plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment, and was 'not one that arose from malicious prosecution as opposed to false arrest.'" *Id.* (internal citations omitted).

Even assuming that Plaintiff has adequately alleged the elements of the common law tort of malicious prosecution, he has not alleged that he was seized in relation to the prosecution.  Because Plaintiff has failed to establish a federal malicious prosecution claim under § 1983, Count Four should be dismissed.

Count Five is also subject to dismissal because Plaintiff has not plausibly alleged a claim for malicious prosecution under Florida common law.  The Eleventh Circuit has "held that defendant police officers were not the legal cause of the original proceeding where there was no evidence that they had anything to do with the decision to prosecute or that they had 'improperly influenced' that decision."  *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 947 (11th Cir. 2008) (per curiam); *see also Hargis*, 2012 U.S. Dist. LEXIS 173834 at *30 (same).  Because Plaintiff has not plausibly alleged that Mays had anything to do with any decision to prosecute[2] or that he had improperly influenced such a

---

[2] Interestingly, the exhibits to the Amended Complaint demonstrate that no information was filed against Plaintiff.  (Doc. 7-1 at 2-3 ("On August 14th, 2015, Assistant State Attorney Michelle Slanker filed a No Information (Exhibit D.)  Assistant State Attorney Michelle indicated in the No Information that 'Although probable cause was predicated on the NCIC print out and existed for the arrest, after reviewing the defendant's Alachua County felony case [w]orksheet the case was Nolle Prosequi for completion of Pre-Trial Intervention.'"); *id.* at 20 ("No Information Filed").)

decision, Count Five should be dismissed.[3]

Finally, the undersigned observes that Plaintiff's false arrest claims and malicious prosecution claims are subject to dismissal with prejudice because there was probable cause at the time of Plaintiff's arrest.[4]  *See Rodi v. Rambosk*, Case No. 2:13-cv-556-FtM-29CM, 2014 WL 1876218, *4 (M.D. Fla. May 9, 2014)

---

[3] To the extent Plaintiff's malicious prosecution claim in Count Five is against Mays in his official capacity, such a claim should be raised "against the governmental entity, or the head of such entity in her or his official capacity."  Fla. Stat. § 768.28(9)(a); *see also Perez*, 917 F. Supp. 2d at 1268 ("Florida's sovereign immunity statute renders the liability of the officers and their respective employers mutually exclusive.").  To proceed against Mays in his individual capacity, Plaintiff would need to show that Mays "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  Fla. Stat. § 768.28(9)(a).

[4] Defendants do not expressly raise this basis for dismissal, even though they argue that the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.  "It is within a district court's reserve of power to *sua sponte* dismiss a lawsuit for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as long as the procedure employed is fair.  *Edmonson v. Velvet Lifestyles, LLC*, Case No. 15-24442-CIV-LENARD/GOODMAN, 2016 U.S. Dist. LEXIS 190256, *14 (S.D. Fla. Sept. 8, 2016) (internal citations and quotation marks omitted).  "To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond.  A magistrate judge's report and recommendation provides such notice and opportunity to respond."  *Thompson v. Ga. Dep't of Corrs.*, Case No. 6:17-cv-128, 2018 U.S. Dist. LEXIS 100068, *1 n.1 (S.D. Ga. June 13, 2018) (internal citations and quotation marks omitted); *see also Edmonson*, 2016 U.S. Dist. LEXIS 190256 at *14-15 ("Such fair procedure includes . . . notice to all parties of the court's intention to dismiss, a statement of the reasons for the dismissal, and providing the plaintiff with an opportunity to either amend her complaint or respond to the basis for dismissal.").  As in *Thompson*, this Report and Recommendation constitutes a fair notice to Plaintiff that the Amended Complaint will be dismissed in part with prejudice and in part without prejudice, if the Court adopts the recommendations made herein.  As indicated in footnote one of this Report and Recommendation, Plaintiff will have an opportunity to present objections and the presiding District Judge will review any properly submitted objections pursuant to Rule 72(b)(3), Fed.R.Civ.P.

("The existence of probable cause at the time of the arrest [] constitutes an

absolute bar to a section 1983 claim for false arrest."); *Andrade*, 2010 WL

4069128 at *13-15 (dismissing with prejudice plaintiff's false arrest claims under

Florida law and § 1983 and the malicious prosecution claim under § 1983).

    "Even minor offenses, such as misdemeanors or traffic violations, may be

the basis for a full custodial arrest."  *Rodi*, 2014 WL 1876218 at *4.  Here, Plaintiff

was stopped "for stopping past the white line" in violation of Section 316.123(2)(a)

of the Florida Statutes.[5]  A violation of Section 316.123 "is a noncriminal traffic

infraction, punishable as a moving violation as provided in chapter 318" of the

Florida Statutes.  Fla. Stat. § 316.123(4).  "A law enforcement officer may arrest a

person without a warrant when: . . . [a] violation of chapter 316 has been

committed in the presence of the officer."  Fla. Stat. § 901.15(5); *see also Florida

v. Potter*, 438 So.2d 1085, 1086 (Fla. Dist. Ct. App. 1983) ("Since the officer's

---

    [5]  Section 316.123(2)(a) provides:
        Except when directed to proceed by a police officer or traffic
        control signal, every driver of a vehicle approaching a stop
        intersection indicated by a stop sign shall stop at a clearly
        marked stop line, but if none, before entering the crosswalk
        on the near side of the intersection or, if none, then at the
        point nearest the intersecting roadway where the driver has
        a view of approaching traffic on the intersecting roadway
        before entering the intersection. After having stopped, the
        driver shall yield the right-of-way to any vehicle which has
        entered the intersection from another highway or which is
        approaching so closely on said highway as to constitute an
        immediate hazard during the time when the driver is moving
        across or within the intersection.

18

initial stop of respondent was based on a violation of chapter 316, he was acting

within the authority conferred by section 901.15(5) [in arresting respondent on

fresh pursuit]".).

The facts, as alleged in the Amended Complaint and attachments thereto,

indicate that Mays made a lawful traffic stop for Plaintiff's violation of Section

316.123(2)(a) in the officer's presence,[6] and, therefore, the subsequent,

warrantless arrest of Plaintiff was proper under Section 901.15(5).  *See*

*Sebastian v. Ortiz*, Case No. 16-20501-CIV-MORENO, 2017 U.S. Dist. LEXIS

160744, *12 (S.D. Fla. Sept. 29, 2017) ("[T]he Eleventh Circuit has . . . held that

officers are permitted to make a custodial arrest for noncriminal offenses in

Florida, specifically violations of Chapter 316."); *Llorente v. Gallup*, Case No:

6:15-cv-1844-Orl-22TBS, 2017 U.S. Dist. LEXIS 218525, *32 (M.D. Fla. Sept. 5,

2017) ("[T]hese traffic infractions were committed in Deputy Gallup's presence.

Thus, under § 901.15, Deputy Gallup had probable cause to arrest Plaintiff for

these traffic violations.").  It is irrelevant whether probable cause existed to arrest

Plaintiff for possession of a firearm by a convicted felon, because there was

---

[6] *See* Doc. 7, ¶ 10 ("On August 12th, 2015, MAYS initiated a traffic stop on a silver vehicle bearing Fl. Tag#016NQR for stopping past the white line, being driver [sic] by POWERS."); *see also* Doc. 7-1 at 1 ("On August 12th, 2015, Officer Chancey [sic] Mays initiated a lawful traffic stop on a silver vehicle bearing Fl. Tag#016NQR for stopping past the white stop bar."); *id.* at 2 ("Officer Chancey [sic] Mays was reasonable in the detention of Powers, however, Officer Chancey [sic] Mays, failed to conduct a complete investigation before arresting Powers under the Florida and United States Constitution.").

probable cause to arrest Plaintiff for a violation of Section 316.123(2)(a).  *See Sebastian*, 2017 U.S. Dist. LEXIS 160744 at *10 ("The validity of an arrest does not turn on the offense announced by the officer at the time of the arrest."); *Reid*, 568 F. App'x at 749 ("As long as probable cause existed to arrest the suspect for any offense, the arrest and detention are valid even if probable cause was lacking as to some offenses, or even all announced charges."); *Perez*, 917 F. Supp. 2d at 1267 (stating that "probable cause does not need to exist for the specific crimes charged, so long as probable cause exists to believe that Plaintiff committed some offense, any offense, no matter how minor").

As such, Plaintiff's false arrest claims in Counts One, Two, and Six should be dismissed with prejudice.  *See Andrade*, 2010 WL 4069128 at *14-15 (dismissing with prejudice plaintiff's false arrest claims under Florida law and § 1983); *see also Cuyler v. Jefferson Cnty. Sheriff Dep't*, Case No. 4:13cv473-RH/CAS, 2013 U.S. Dist. LEXIS 184504, *6 (N.D. Fla. Dec. 4, 2013) (report and recommendation adopted Jan. 23, 2014) ("The existence of probable cause at the time of arrest . . . constitutes an absolute bar to a section 1983 action for false arrest." (internal citations and quotation marks omitted)).  Because there was probable cause for Plaintiff's arrest and the attachments to the Amended Complaint clearly show that no information was filed against Plaintiff, the malicious prosecution claims under Florida common law and § 1983 are also

barred.  *See Sebastian*, 2017 U.S. Dist. LEXIS 160744 at *17 ("Probable cause bars state and federal malicious prosecution claims."); *Andrade*, 2010 WL 4069128 at *15.  Thus, Counts Four and Five are also subject to dismissal with prejudice.

Although the municipal liability claim in Count Three is closely related to the false arrest claims and is arguably subject to dismissal with prejudice, the undersigned recommends that Count Three be dismissed without prejudice should Plaintiff find some other basis for his municipal liability claim.  Further, as noted earlier, Count Seven should be dismissed without prejudice.

Based on the foregoing, the undersigned recommends that Plaintiff's Amended Complaint be dismissed with prejudice as to Counts One, Two, Four, Five, and Six, and without prejudice as to Counts Three and Seven.  Although in this circuit, "[a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court," *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc), this is the first time that the Court is addressing the merits of Plaintiff's pleading.  Thus, the undersigned recommends that Plaintiff be given an opportunity to amend as to Counts Three and Seven, within twenty (20) days of the Court's order on this Report and Recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 10**) be **GRANTED** to the extent the Amended Complaint be **DISMISSED with prejudice** as to Counts One, Two, Four, Five, and Six, and **without prejudice** as to Counts Three and Seven.

2.      Plaintiff be allowed an opportunity to amend as to Counts Three and Seven within **twenty (20) days** of the Court's order on this Report and Recommendation.

       **DONE AND ENTERED** at Jacksonville, Florida, on July 10, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

22