**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN ALFRED POWERS,

    Plaintiff,

v.                                                           Case No. 3:17-cv-1063-J-34MCR

CITY OF LAKE CITY, et al.,

    Defendants.

_____

# O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 16; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on July 10, 2018. No objections to the Report have been filed, and the time for doing so has passed. Accordingly, this matter is ripe for review.

**I.    Background**

Plaintiff filed the Complaint and Demand for Jury Trial (Doc. 2; Complaint) on August 11, 2017, in the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida. On September 13, 2017, Defendants removed the action to this court. See Notice of Removal (Doc. 1). Shortly thereafter, on September 21, 2017, Defendants moved to dismiss Plaintiff's Complaint. See Defendants' Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law (Doc. 4; First Motion). In response, on October 11, 2017, Plaintiff filed the Amended Complaint and Demand for Jury Trial (Doc. 7; Amended Complaint), in which he asserts claims against the City of Lake City ("the City"), Argatha Gilmore in her individual and official capacity, and Chauncey Mays in his

individual and official capacity.  See generally id.  In Count I, Plaintiff alleges that Mays violated 42 U.S.C. § 1983 ("Section 1983") by executing a false arrest, and thereby depriving Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Id. ¶¶22-27.  In Count II, Plaintiff seeks to hold the City vicariously liable for Mays' alleged false arrest of Plaintiff pursuant to Section 1983.  Id. ¶¶28-32.  In Count III, Plaintiff alleges that the City and Gilmore violated Section 1983 by failing to discipline Mays and train the City's employees.  Id. ¶¶33-38.  In Counts IV and V, Plaintiff asserts malicious prosecution claims against Mays under federal and Florida law, respectively.  Id. ¶¶39-53.  In Count VI, Plaintiff asserts a false arrest claim against the City under Florida law.  Id. ¶¶54-61.  Finally, in Count VII, Plaintiff asserts a replevin claim against all Defendants.  Id. ¶¶62-69.  On October 24, 2017, Defendants filed Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law (Doc. 10; Motion).  Plaintiff filed Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Amended Complaint (Doc. 14; Response) on November 12, 2017.

On May 1, 2018, the Court referred the Motion to the Magistrate Judge for a report and recommendation regarding an appropriate resolution.  See Order (Doc. 15).  On July 10, 2018, the Magistrate Judge entered the Report in which he recommended that the Court dismiss Counts I, II, IV, V, and VI with prejudice, dismiss Counts III and VII without prejudice, and give Plaintiff an opportunity to file an amended complaint as to Counts III and VII.  See Report at 1-2, 22.

**II.     Standard of Review**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

**III.    Discussion**

Upon review of the record, the Court will accept the Magistrate Judge's analysis of the federal claims in Counts I, II, III and IV, as well as his recommendation that Counts I, II, and IV be dismissed with prejudice. However the Court declines to accept the recommendation that Count III be dismissed without prejudice, and that Plaintiff be given an opportunity to file an amended complaint. Further, having determined that all of Plaintiff's federal claims are due to be dismissed, the Court declines to exercise jurisdiction over the remaining state law claims. Thus, the Court will not adopt the portion of the Report addressing the sufficiency of those claims.

The Court begins by addressing Plaintiff's federal claims brought pursuant to Section 1983 and set forth in Counts I through IV of the Amended Complaint. See Amended Complaint ¶¶22-45. Preliminarily, the Court finds that the Report is due to be adopted to the extent that the Magistrate Judge recommended dismissing Counts I through IV based on Plaintiff's failure to comply with the requirements of Rule 10(b) of the Federal

Rules of Civil Procedure. Nevertheless, as the Magistrate Judge also addressed the merits of the claims, the undersigned will do so as well.

In Counts I, II, and III, Plaintiff asserts Section 1983 claims based upon his alleged false arrest, and in Count IV asserts a Section 1983 claim of malicious prosecution also stemming from that same arrest. Id. The Court finds that the Report is due to be adopted to the extent that the Magistrate Judge recommended dismissing Counts I, II, and IV with prejudice based on the existence of probable cause supporting Plaintiff's arrest. Id. at 17-21. In the Report, the Magistrate Judge noted that "Defendants do not expressly raise [the existence of probable cause as a] basis for dismissal," but that the district court has the inherent power to sua sponte dismiss a claim under Rule 12(b)(6) as long as the Court provides the plaintiff with notice and an opportunity to respond. Id. at 17 n.4. He also correctly observed that "[a] magistrate judge's report and recommendation provides such notice and opportunity to respond." Id. (quoting Thompson v. Ga. Dep't of Corrs., No. 6:17-cv-128, 2018 WL 2976371, at *1 n.1 (S.D. Ga. June 13, 2018), adopted, Doc. 11 (S.D. Ga. July 23, 2018)); see also Brinson v. Welsh, 709 F. App'x 582, 584 (11th Cir. 2017) (finding no abuse of discretion where a district court adopted a magistrate judge's recommendation to dismiss an amended complaint for failure to state a claim sua sponte).[1] Indeed, in the Report the Magistrate Judge specifically advised Plaintiff of his right to object if he disagreed with the recommended resolution of his claims and the time frame in which to do so. Plaintiff did not file any objection. As such, the Court properly considers whether Counts I, II, and IV are due to be dismissed for failure to state a plausible claim

---

[1] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

for relief. After conducting a de novo review of the record, the Court determines that Counts I, II, and IV of the Amended Complaint are due to be dismissed with prejudice based on the existence of probable cause for Plaintiff's arrest. Thus, the court will adopt the portion of the Report addressing the sufficiency of these claims.

The Court also adopts the Magistrate Judge's additional reason for dismissing the malicious prosecution claim in Count IV. Specifically, the Court adopts the Magistrate Judge's determination that this claim is due to be dismissed because Plaintiff failed to allege that he had been "seized in relation to the prosecution," and as such he failed to state a federal claim for malicious prosecution under Section 1983. See Report at 15-16.

The Court next turns to Count III in which Plaintiff purports to state a Section 1983 claim of municipal liability. The Court first observes that Count II, which the Court has determined is due to be dismissed with prejudice, see supra at 3-4, and Count III are duplicative of one another, as each contains a claim against the City under Section 1983 based on Plaintiff's allegedly unlawful arrest. See Amended Complaint ¶¶28-38. Specifically, in Count II, Plaintiff seeks to hold the City liable under a theory of vicarious liability, id. ¶30, and in Count III, Plaintiff asserts that the City "exhibited a conscious and deliberate failure to train its employees adequately" regarding arrests, and failed to "impose discipline on Mays, thereby ratifying [his] actions," id. ¶35. In both, Plaintiff seeks to recover damages from the City based on Mays' act of arresting him. Although Plaintiff asserts Count II against the City and Count III against the City and Gilmore in her individual and official capacity, the Magistrate Judge correctly recognized that "any official capacity claims against Gilmore, including those in Count Three, are duplicative of the claims against [the City] and should be dismissed." See Report at 10.

With regard to the merits of any claim for municipal liability, the Court notes that the Supreme Court of the United States has soundly rejected the theory of respondeat superior as a basis for municipal liability in Section 1983 actions. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). Instead, a municipality may be liable in a Section 1983 action "only where the municipality itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1115 (11th Cir. 2005) (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation. See Monell, 436 U.S. at 693–94. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is designed to "'distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" Grech v. Clayton Cnty., 335 F.3d 1326, 1329 n.5 (11th Cir. 2003) (en banc) (quotation omitted). Indeed, municipal liability arises under Section 1983 only where "'a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483–84 (1986)). A municipality will rarely have an officially-adopted policy that permits a particular constitutional violation, therefore, in order to state a cause of action for damages under Section1983, most plaintiffs must demonstrate that the municipality has a custom or practice of permitting the violation. See Grech, 335 F.3d at 1330; McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). The

Eleventh Circuit has defined "custom" as "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." Sewell, 117 F.3d at 489.

Similarly, in some circumstances, "the failure to provide proper training may fairly be said to represent a policy for which [the city] may be held liable if it actually causes injury." City of Canton, 489 U.S. at 390. Failure to train can lead to municipal liability "only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants [such that the failure to train] can be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 388–89 (alteration added). Thus, in order to assert such a claim, a plaintiff must "present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). As a supervisor will rarely have an express written or oral policy of inadequately training or supervising his or her employees, a supervisor's failure to train and/or supervise his or her employees amounts to an actionable policy under Section 1983 where the plaintiff demonstrates that the supervisor's failure to train and/or supervise amounts to deliberate indifference to the rights of citizens with whom the supervisor's employees come into contact. Id.; see also Battiste v. Sheriff of Broward Cnty., 261 F. App'x 199, 202 (11th Cir. 2008) (per curiam) ("A supervisory official is liable under § 1983 when 'his failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact; and the failure has actually caused the injury of which the plaintiff complains.'" (quoting Belcher v. City of Foley, Ala., 30 F.3d 1390, 1397 (11th Cir. 1994))). Notably, the Eleventh Circuit has

repeatedly held that "without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise." Id. at 1351. Indeed, "the need for such training must be plainly obvious to [City] decisionmakers," such as where there is "evidence of a history of widespread prior abuse." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990) (alteration added); see also Rocker v. City of Ocala, Fla., 355 F. App'x 312, 314 (11th Cir. 2009) (per curiam).

Finally, a municipality may be liable "on the basis of ratification when a subordinate public official makes an unconstitutional decision and when that decision is then adopted by someone who does have final policymaking authority." Hoefling v. City of Miami, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing Matthews v. Columbia Cnty., 294 F.3d 1294, 1297 (11th Cir. 2002)). In this context, the "final policymaker, however, must ratify not only the decision itself, but also the unconstitutional basis for it." Matthews, 294 F.3d at 1297-98 (internal quotations and citations omitted).

Here, Plaintiff's Amended Complaint is devoid of any factual allegations plausibly supporting a claim of municipal liability. As the Magistrate Judge correctly concluded, Plaintiff's municipal liability claims are nothing more than broad conclusory statements devoid of any factual support. Notably, after Defendants first filed a motion to dismiss raising similar arguments with respect to Plaintiff's federal claims, see First Motion at 1-2, 5-10, Plaintiff filed the Amended Complaint. After Defendants renewed the arguments in the Motion, Plaintiff did not request leave to file another amended complaint to attempt to cure the pleading deficiencies. As such, his claim in Count III is due to be dismissed with prejudice. See Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his

complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). For this reason alone, the Court would decline to adopt the Magistrate Judge's recommendation that Count III be dismissed without prejudice or that he be given leave to amend his complaint yet again.

However, there is another, and perhaps more important, reason for the Court to decline to adopt these recommendations. The Court finds that Plaintiff cannot state a claim of municipal liability under Section 1983 in this case, and thus granting leave to amend would be futile. The Court has determined that probable cause supported Plaintiff's arrest. See supra at 3 (adopting Report at 17-21). As such, Plaintiff failed to allege a violation of his constitutional right to be free from an unlawful seizure. In the absence of a constitutional violation, there can be no claim of municipal liability. Rooney v. Watson, 101 F. 3d 1378, 1381 (11th Cir. 1996) (noting that when there is no constitutional violation, the Court has no occasion to consider the liability of the county); Vineyard v. County of Murray, Ga., 990 F. 2d 1207, 1211 (11th Cir. 1993) ("Only when it is clear that a violation of specific rights has occurred can the question of Section 1983 municipal liability for the injury arise."); see also Best v. Cobb Cnty., Ga., 239 F. App'x 501, 504 (11th Cir. 2007) (finding that because no constitutional violation occurred Plaintiff's claim against the city could not survive). Thus, Plaintiff cannot state a plausible claim for municipal liability and Count III must be dismissed with prejudice.

Having determined that the only claims supporting federal jurisdiction in this action are due to be dismissed, the Court next considers whether to continue to exercise supplemental jurisdiction over the remaining state law claims. "The decision to exercise

supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004). Pursuant to 28 U.S.C. § 1367(c), the Court may decline to exercise jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Notably, "[a]ny one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006). However, upon determining that it has the discretion under § 1367(c) to decline jurisdiction, "[a district court] should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience in deciding whether or not to exercise that jurisdiction." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994). Upon due consideration, the Court finds that judicial economy and convenience would not be served by retaining jurisdiction over Plaintiff's state law claims.

What remains in this action are uniquely state law claims that are best addressed by the state courts. Notably, no dispositive rulings have been made as to the state law claims. Thus, the early procedural posture of the case weighs in favor of declining jurisdiction in order to allow the case to proceed fully in state court. When, as here, a plaintiff's federal claims are dismissed prior to trial, the Eleventh Circuit Court of Appeals

has "encouraged district courts to dismiss any remaining state claims." Raney, 370 F.3d at 1089; Busse v. Lee Cnty, Fla., 317 F. App'x 968, 973-74 (11th Cir. 2009) ("Since the district court 'had dismissed all claims over which it has original jurisdiction,' it therefore had the discretion not to exercise supplemental jurisdiction over [Appellant's] state law claims. 28 U.S.C. § 1367(c)(3). Furthermore, we expressly encourage district courts to take such action when all federal claims have been dismissed pretrial."). See also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Upon consideration of the § 1367 factors and the "traditional rationales for pendent[2] jurisdiction, including judicial economy and convenience," see Palmer, 22 F.3d at 1569, the Court declines to exercise supplemental jurisdiction over Counts V, VI, and VII of the Amended Complaint. Accordingly, the Court will remand the remaining claims in this case back to the state court from which the case was removed. See Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001) (directing the district court to remand state law claims over which it declines to exercise supplemental jurisdiction rather than to dismiss them, when the case was originally filed in state court and removed to federal court).

---

[2] Pendent jurisdiction is now referred to as supplemental jurisdiction.

In light of the foregoing, it is

**ORDERED**:

1. The Report and Recommendation (Doc. 16) is **ADOPTED in part** as the opinion of the Court to the extent set forth here.

    a. The Report is **ADOPTED** to the extent that the Court accepts the Magistrate Judge's analysis of Plaintiff's federal claims in Counts I, II, III, and IV of the Amended Complaint, and his recommendation that Counts I, II, and IV be dismissed with prejudice.

    b. In all other respects, the Court declines to adopt the Report.

2. Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law (Doc. 10), is **GRANTED in part**, and **DENIED in part.**

    a. The Motion is **GRANTED** to the extent that Counts I, II, III, and IV are **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

    b. In all other respects, the Motion is **DENIED**.

3. The Clerk of the Court is **DIRECTED** to remand the case to the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

4. The Clerk of the Court is further directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of August, 2018.

MARCIA MORALES HOWARD
United States District Judge

LC25
Copies to:

Counsel of Record

The Honorable Monte C. Richardson
United States Magistrate Judge

Clerk of Court
Third Judicial Circuit
in and for Columbia County, Florida